BANK OF LITCHFIELD, BY J. N. PEYTON, v. T. F. McCLURE.[1]

March 29, 1934.

No. 29,886.

[1]Reported in 253 N. W. 764.

*Alva R. Hunt,* for appellant.
*D. F. Nordstrom,* for respondent.

*STONE, Justice.*

Judgment on the pleadings ordered against defendant, he appeals from an order denying his motion for a new trial.

December 18, 1929, the Bank of Litchfield (organized under the state laws) transferred all its assets to another bank which assumed its deposits and bills payable. But two creditors soon appeared and procured judgments against it aggregating upwards of $18,000. Thereupon the commissioner of banks "took control of the Bank of Litchfield" and ordered an assessment on its stockholders to raise funds to pay the judgments against it. Due notice of the order of assessment was given the stockholders, including defendant, who owned 113 shares of the stock. These facts appear conclusively from the pleadings. By answer and argument here the point is made for defendant that, inasmuch as the bank had no assets, there was nothing to take over and conserve—nothing in fact to liquidate. Hence, it is argued, the commissioner was without jurisdiction. The point cannot be sustained.

In N. W. Fuel Co. v. Live Stock State Bank, 182 Minn. 276, 234 N. W. 304, it was held that the statutory procedure for the liquidation of state banks by the commissioner is exclusive. Hence the claim for the defense that if there is to be an assessment of stockholders it must be in an ordinary receivership is negatived.

The allegations of the answer that the bank "ceased to exist as a banking corporation and was dissolved at common law" by the transfer of all of its assets, and that thereupon it "was required and did deliver to the commissioner of banks, its charter as a bank,

for cancellation," must be considered as stating mere conclusions of law and so immaterial, in view of the statutory procedure for liquidation of state banks and 2 Mason Minn. St. 1927, § 7485, which prolongs, for liquidation purposes, the life of a corporation for three years after its termination "by limitation, forfeiture," or otherwise.

The purpose of liquidation of a corporation is primarily to secure payment of creditors. As long as debts remain to be paid and the corporate life continues, there is subject matter for liquidation. That is this case and the commissioner not only the proper but the only authority to conduct liquidation and make assessment where one is needed.

Order affirmed.

